Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7091 | **DATE** | 2/27/2004 |
| **CASE TITLE** | MICHELLE LANGEL vs. KMART CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. The bankruptcy court denied the motion to deem the claim timely filed. It was a determination she reasonable could make, and we defer. The decision of the bankruptcy court is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | **MAR 0 1 2004** | 8 |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | deputy initials | |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: KMART CORPORATION, et al.,  )
                                    )
_____ )        DOCKETED
                                    )
MICHELLE LANGEL,                    )        MAR 0 1 2004
                                    )
            Plaintiff/Appellant,    )
                                    )
      vs.                           )   No. 03 C 7091
                                    )
KMART CORPORATION,                  )
                                    )
            Defendant/Appellee.     )

## MEMORANDUM OPINION AND ORDER

Appellant, Michelle Langel, appeals the denial of her motion by the United States Bankruptcy Court for the Northern District of Illinois to have her administrative expense claim be deemed timely filed. We affirm the bankruptcy court's ruling denying appellant's motion.

## BACKGROUND

Kmart filed for bankruptcy on January 22, 2002. On May 6, 2003, the bankruptcy court sent notice to Kmart's creditors that requests for payment of administrative expense claims had to be submitted by June 20, 2003. The notice included a form entitled "Administrative Expense Claim Request," which creditors were to use to file their claims. The form stated that it was to be used for claims arising after Kmart filed for bankruptcy, not before. The form also listed a number of bases for claims, including "personal injury/wrongful death." The form made clear that any request that was not timely filed would be automatically



disallowed without need for the debtor's objection.

On July 3, 2003, appellant submitted an Administrative Expense Claim Request for an injury incurred on Kmart property on November 9, 2002. Appellant's request was submitted thirteen days after the bar date for administrative expense claims. Along with the request, appellant filed a motion "To Deem Administrative Expense Claim Allowed as Timely." At the motion hearing, appellant's counsel, Gene Rosen (Rosen), acknowledged that he had received the administrative claims notice and the Administrative Expense Claim Request form. He explained that he did not file his client's claim by June 20, 2003, because he did not realize that the bar date applied to her tort claim. Rosen professed an unfamiliarity with administrative claims and bankruptcy law, in general, and admitted that he failed to carefully read the Administrative Expense Claim Request, which provided a check box for personal injury and wrongful death claims. Rosen argued that his failings constituted excusable neglect and, therefore, the untimely request should be allowed. He also maintained that Kmart would suffer no harm if the request, which was filed less than two weeks late, was permitted. The bankruptcy court denied appellant's motion, finding that Rosen's actions did not constitute neglect.

## DISCUSSION

The parties disagree on the standard of review that we must employ in this case. A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Matter of Chappell, 984 F.2d 775, 779 (7th Cir. 1993). A bankruptcy court's determination of excusable neglect is given more deference – it is reviewed for abuse of discretion. Matter of Singson, 41 F.3d 316, 320 (7th Cir. 1994). However, the bankruptcy court

made clear at the motion hearing that it did not reach the question of excusable neglect. The court said, "I do not find that there is any neglect here.... So I don't even have to rise to the level of whether or not it's excusable or not." Its ruling involves a conclusion of law and will be reviewed accordingly.

A bankruptcy court may allow for an extension of time to file a proof of claim when the claimant's delay is due to excusable neglect. Fed. R. Bank. P. 9006(b)(1). The claimant bears the burden of proving excusable neglect by a fair preponderance of the evidence. Farley v. Ohio Bureau of Workers' Compensation, 213 B.R. 138, 141 (N.D.Ill. 1997). In Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380 (1993), the Supreme Court provided guidelines for determining what constitutes excusable neglect. The Court rejected the notion that excusable neglect required a showing that the claimant's delay was caused by circumstances beyond his reasonable control. *Id.* at 388. The Court found that neglect retained its ordinary meaning "'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Id. citing* Webster's Ninth New Collegiate Dictionary 791 (1983). The Court further stated that Congress clearly intended for courts to be permitted "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* Appellant explains that her untimely filing was caused by Rosen's failure to carefully read the forms that he received. This oversight falls within the ordinary meaning of neglect and qualifies as "inadvertence, mistake, or carelessness."

Ordinarily, if we were to conclude, as a legal issue and as we do, that the bankruptcy court erred in determining that the conduct was not neglect, we should reverse and remand

for that court's discretionary determination of whether or not the neglect was excusable. In the particular circumstances here, we see no reason to do so. When the bankruptcy court concluded that the conduct was not neglect, we believe she meant that the failure was beyond neglect. While that was unduly harsh, it leaves very clear that the court thought the conduct was inexcusable, and that was a conclusion it could reasonably reach.

Just because Rosen's actions meet the Supreme Court's definition of neglect, they do not necessarily constitute excusable neglect. A court must conduct an equitable inquiry to determine whether neglect is excusable under Rule 9006(b)(1). *Id.* at 389. Four factors should be considered: 1) the danger of prejudice to the debtor; 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the claimant; and 4) whether the claimant acted in good faith. *Id.* at 395 *citing* In Re Pioneer Investment Services Co., 943 F.2d 673, 677 (6th Cir. 1991). Though the bankruptcy court did not pursue this inquiry in reaching its decision on appellant's motion, our application of the facts to these four factors results in the same outcome.

Appellant argues that Kmart will not be prejudiced by permitting her untimely administrative expense claim because the claim is capped at $100,000, there are already 4,138 other personal injury claims, and Kmart was aware of the claim prior to the bar date due to appellant's negotiations with Kmart's claims adjuster. The relative amount of the claim and the fact that it is one among thousands of tort claims does not render it non-prejudicial, *see* In re Kmart Corp., No. 03-C-96 (N.D.Ill. Oct. 27, 2003). However, the fact that Kmart was aware of the claim through its adjuster, before the bar date, reduces the danger of prejudice. Kmart contends that prejudice will result if the claim is allowed, because it will have to expend

resources to determine whether there is a viable claim. Although this is true, Kmart would have had to expend those same resources if the claim had been filed on time.

As for the second factor, courts have denied an extension for an administrative expense claim filed one day late, *see* In re Kmart Corp., *supra*, and have granted an extension for a claim filed twenty days late, *see* Pioneer, 507 U.S. at 385. There is no specific length of time after which a delay would be inexcusable; rather, the length of the delay must be balanced with the various other factors. The length of appellant's 13-day delay does not weigh for or against a finding of excusable neglect. The court below, responsible for the administration of a sprawling bankruptcy proceeding, is in a far better position than we to assess the prejudicial impact of permitting untimely filings on the judicial administration of the case.

The third factor weighs significantly in favor of Kmart. The reason for the untimely filing rests solely with the appellant. Rosen has acknowledged that it was his careless reading of the notice and handling of the case that led to the untimely claim. In this context, as in others, the client suffers for the acts and omissions of her attorney. Pioneer Investment, 507 U.S. at 396. In Pioneer Investment, the Court held that the claimant's late filing was due to excusable neglect. In reaching its decision, the Court gave little weight to the claimant's attorney's excuses of professional turmoil, but did emphasize that the bar date was provided in a notice regarding a creditors' meeting – a "peculiar and inconspicuous placement." *Id.* at 398. Thus, the delay was due in part to claimant's attorney, but significant blame could be placed on the ambiguity of the notice. Such is not the case here. Appellant argues that the notice did not define its terms, but knowledge of bankruptcy law and an attentive reading of the forms would have revealed that appellant's claim needed to be filed by June 20, 2003.

The bankruptcy court denied the motion to deem the claim timely filed. It was a determination she reasonably could make, and we defer. The decision of the bankruptcy court is affirmed.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 27, 2004.